### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TONEA BAKER,**

       **Plaintiff,**

**v.**                                                     **Case No:   6:20-cv-1522-Orl-37LRH**

**SPECTRUM,**

       **Defendant.**

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (LONG FORM) (Doc. No. 2)** |
| **FILED:** | **August 20, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.**     **BACKGROUND.**

On August 20, 2020, Plaintiff Tonea Baker, appearing *pro se*, filed a "Complaint for a Civil Case" against Defendant Spectrum/Charter Communications. Doc. No. 1. Plaintiff asserts federal question jurisdiction and raises claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55. *Id.* at 3.

In support, Plaintiff states that Defendant failed to report accurate information to a credit reporting agency. *Id.* at 4. To support her claim, Plaintiff's alleges, in entirety, as follows:

> According to the credit report the defendant is reporting a balance of $387. Which is now owed to a third party company; a collection agency. Plaintiff contacted the company December 19, 2019 at 1:19pm and spoke with a representative by the name of Vince. Plaintiff was advised of $0 balance. Shortly after plaintiff started to receive numerous amounts of phone calls. December 16, 2019 to March 6, 2020 plaintiff received 50 plus phone calls from 1877 766 8523. On December 24, 2019 plaintiff advised defendant to stop calling. Request was ignored and representative advised that they would continue to call. At times the defendant would call 3 to 4 times daily. Plaintiff has not been able to apply for work from home jobs due to not being able to receive WiFi services from Spectrum. Plaintiff now avoids answering the telephone due to the barrage of communiques from the creditor. This unfair practice has caused a lot of stress and financial harm. Including worry and other distress, out of pocket costs and expenses, and loss of personal credit opportunities.

*Id.* at 6.

With the complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which has been construed as a motion to proceed *in forma pauperis*. Doc. No. 2. The motion was referred to the undersigned, and the matter is ripe for review.

## II.    STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii).[1]   A

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma*

complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.  ANALYSIS.

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff may qualify as a pauper pursuant to § 1915(a)(1). However, Plaintiff's complaint is subject to dismissal for failure to state a claim and lack of jurisdiction.

Specifically, Plaintiff first purports to raise a claim under the FCRA. However, Plaintiff does not allege under what provisions of the FCRA she seeks to proceed, or how Defendant's alleged conduct would constitute a violation of any of the FCRA provisions.[2]  Moreover, Plaintiff has not

---

*pauperis*.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] Notably, not all subsections of the FCRA provide a private right of action.  *See, e.g.*, *Graulau v. Mid Fla. Fin.*, No. 6:15-cv-446-Orl-18TBS, 2015 WL 2260484, at *3 (M.D. Fla. May 13, 2015).

adequately alleged or otherwise established that Defendant is subject to the provisions of the FCRA or that it has violated its obligations under the FCRA. Plaintiff merely alleges that Defendant is an internet provider, which transferred her alleged debt to a third party, and which is not a credit reporting agency. *See James v. McAdam*, No. 5:12-cv-452-Oc-32PRL, 2012 WL 13140744, at *2 (M.D. Fla. Dec. 3, 2012) (noting requirements for FCRA claim to be brought against "furnisher of information"), *report and recommendation adopted*, 2012 WL 13140722 (M.D. Fla. Dec. 28, 2012); *see also Thakhavong v. Wells Fargo Bank, N.A.*, No. 8:12-cv-01261-T-35AEP, 2013 WL 12387665, at *4 (M.D. Fla. Aug. 30, 2013), *report and recommendation adopted*, 2013 WL 12387649 (M.D. Fla. Oct. 15, 2013) (denial of motion to proceed *in forma pauperis* and dismissal of complaint because the plaintiff had failed to adequately plead claim under the FCRA, in particular the plaintiff had not alleged that he had notified the credit reporting agency of inaccuracies in his credit report, and therefore had not established that Wells Fargo Bank, N.A.'s duties under the FCRA had been triggered). Accordingly, the FCRA claim is due to be dismissed, although, as discussed below, I recommend that Plaintiff be permitted leave to amend.

As it relates to the FCCPA claim, without the claim under the FCRA, there would be no basis for the Court to exercise jurisdiction over the state law claim. Plaintiff does not provide the citizenship of either party in support of the complaint, *see* Doc. No. 1, at 3–4, and there is no basis to conclude that the Court would have diversity jurisdiction in this case.

For these reasons, Plaintiff's complaint is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). Because it is possible

that Plaintiff could file a complaint stating a claim upon which relief could be granted, I recommend that the Court permit Plaintiff leave to file an amended complaint.

Should the Court permit Plaintiff to file an amended complaint, the amended complaint must comply with the federal pleading requirements. *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10. In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. Plaintiff must name as Defendants those persons who are responsible for the alleged violations. She must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated his rights. Plaintiff must allege some causal connection between each Defendant named and the injury she allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs her attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

**IV.  RECOMMENDATION.**

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2);

2. **DISMISS** the complaint without prejudice (Doc. No. 1); and

3.  **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 8, 2020.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party